Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JESÚS A. AYALA LÓPEZ<br><br>*Recurrente*<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>*Recurrido* | TA2026RA00033 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br><br>Remedio Administrativo Núm.: GMA1000-828-25 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de marzo de 2026.

El 13 de enero de 2025, el señor Jesús A. Ayala López (señor Ayala López o recurrente) presentó ante este Tribunal de Apelaciones, por derecho propio, el recurso de Revisión de Decisión Administrativa de epígrafe. Eventualmente, el 28 de enero de 2026, sometió su *Solicitud para Declaración de Indigencia.*

Examinada la solicitud para litigar como indigente, se declara ***Ha Lugar***.

En cuanto al recurso de Revisión Administrativa, por los fundamentos que expondremos a continuación, ***confirmamos*** la *Respuesta al Miembro de la Población Correccional* impugnada.

**I.**

El caso de autos tuvo su génesis el 4 de noviembre de 2025[1], cuando el señor Ayala López suscribió una *Solicitud de Remedio Administrativo*[2] ante el Departamento de Corrección y Rehabilitación

---

[1] La *Solicitud de Remedio Administrativo* fue recibida por el DCR el 17 de noviembre de 2025.

[2] Número de solicitud GMA1000-828-25. Apéndice 3 del recurso de Revisión Administrativa, pág. 4.

en la División de Remedios Administrativos (DCR o agencia recurrida). En el mismo, solicitó permiso para que sus familiares le suministraran en su próxima visita un par de espejuelos que le habían recetado el 22 de febrero del mismo año.

Evaluado el petitorio, el 17 de noviembre de 2025, el DCR emitió una *Respuesta al Miembro de la Población Correccional*[3]. Allí desestimó la solicitud del recurrente conforme a la Regla XIII (5) (d) del Reglamento Núm. 8583, *infra.* Esto, debido a que repetía lo argüido en la *Solicitud de Remedio Administrativo GMA 1000-827-25*, la cual fue contestada el 2 de diciembre del 2025[4] y le informaron que:

> Todo lo relacionado a salud debe ser coordinado con el área de Physician Correcctional y al momento no nos ha llegado ninguna información o petición referente a lo mencionado. Es bien importante informar, que por el área de visita no se recibe artículos a menos que est[é] debidamente autorizado.
>
> Por otro lado, según informado por el personal de área m[é]dica usted fue evaluado el 27 de febrero de 2025 por el optómetra y se le brind[ó] el servicio de espejuelos y para el año 2026 está programado la evaluación anual nuevamente[5].

Insatisfecho con la determinación, el 16 de diciembre de 2025[6], el señor Ayala López presentó una *Solicitud de Reconsideración*[7]. Esbozó que era la primera vez que llamaba la atención sobre la situación que enfrentaba y que la agencia recurrida eludía su responsabilidad al respecto[8].

Por su parte, el 30 de diciembre de 2025, el DCR emitió la *Respuesta de Reconsideración al Miembro de la Población Correccional*[9] y denegó la reconsideración solicitada por el recurrente.

---

[3] *Íd.*, pág. 2.
[4] *Íd.*, pág. 1.
[5] *Íd.*
[6] La *Solicitud de Reconsideración* fue recibida por la DCR el 30 de noviembre de 2025.
[7] Apéndice 3 del recurso de *Revisión Administrativa*, pág. 3.
[8] *Íd.*
[9] Apéndice 2 del recurso de *Revisión Administrativa.*

Inconforme aun, el 13 de enero de 2026, el señor Ayala López acudió ante este foro intermedio e insistió que era la primera vez que planteaba su situación ante la agencia recurrida.

El 21 de enero de 2026[10], emitimos una *Resolución* concediéndole término al DCR hasta el 19 de febrero de 2026 para que presentara su alegato en oposición. Así pues, el 19 de febrero de 2026, la agencia recurrida compareció mediante *Escrito en Cumplimiento de Resolución* en la cual solicitó que se confirmara el dictamen recurrido. Toda vez que, el Reglamento Núm. 8583, *infra*, dispone que el evaluador tiene facultad para desestimar solicitudes de remedios cuando se radican más de una vez sobre un mismo asunto y sobre el mismo miembro de la población.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico establece la autoridad del Tribunal de Apelaciones para revisar "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas"[11]. Por su parte, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) establece el marco de revisión judicial de estas decisiones[12]. Cónsono con lo anterior, nuestra función revisora se limita a delinear la discreción de las entidades administrativas para garantizar que sus decisiones se encuentren en el marco de los poderes delegados y sean consecuentes con la política pública que las origina[13].

---

[10] Notificada el 22 de enero de 2026.
[11] Art. 4006(c) de la Ley Núm. 201-2003, 4 LPRA sec. 24(y)(c).
[12] Sección 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675.
[13] *Torres Rivera v. Policía de PR*, 196 DPR 606, 625-626 (2016); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007); *Mun. de San Juan v. J.C.A.*, 149 DPR 263, 279 (1999).

Debido a la vasta experiencia y conocimiento especializado que tienen las agencias administrativas sobre los asuntos que le son encomendados, los foros revisores les conceden gran consideración y deferencia a sus decisiones[14]. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley[15]. Es por esta razón, que la revisión judicial se limita a determinar si la agencia actuó de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado un abuso de discreción[16]. Hay que señalar que las determinaciones de los organismos administrativos están cobijadas por una presunción de corrección y legalidad que debe respetarse, mientras la parte que las impugne no demuestre con suficiente evidencia que la decisión no está justificada[17].

Así pues, la revisión judicial de una decisión administrativa se circunscribe a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal[18]. El criterio rector es la razonabilidad de la actuación de la agencia recurrida[19]. Por ello, al momento de evaluar una determinación administrativa se debe considerar si: (1) el remedio concedido por la agencia fue apropiado; (2) la decisión de la agencia está sostenida en evidencia sustancial

---

[14] *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *OCS v. Point Guard Ins.*, 205 DPR 1005, 1026 (2020); *PRHOA v. Confederación Hípica*, 202 DPR 509, 521 (2019).

[15] *Vázquez v. Consejo de Titulares y Junta de Directores del Condominio Los Corales*, 2025 TSPR 56, 215 DPR ___ (2025).

[16] *Pérez López v. Depto. de Corrección*, 208 DPR 656, 673 (2022); *Super Asphalt v. AFI y otro*, *supra*, pág. 821; *Trigo Margarida v. Junta Directores*, 187 DPR 384, 394 (2012).

[17] *Trigo Margarida v. Junta Directores*, *supra*, págs. 393-394; *Mundo Ríos v. CEE et al.*, 187 DPR 200, 219 (2012), citando a *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).

[18] *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006).

[19] *Super Asphalt v. AFI y otro*, *supra*; *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013); *Trigo Margarida v. Junta Directores*, *supra*, pág. 394.

que obra en el expediente administrativo visto en su totalidad; y (3) las conclusiones de derecho fueron correctas[20].

Ahora bien, si la decisión del organismo administrativo no estuvo basada en evidencia sustancial; erró en la aplicación o interpretación de las leyes o los reglamentos que se le encomendó administrar; o actuó de manera irrazonable, arbitraria o ilegal, al realizar determinaciones carentes de una base racional; o si la actuación lesionó derechos constitucionales fundamentales, la deferencia debida a la agencia debe ceder[21].

Si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar con suficiente evidencia, que la determinación no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración[22]. De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad[23].

Sobre las determinaciones de derecho, el Tribunal Supremo ha dicho que distinto a las determinaciones de hecho, el tribunal las puede revisar en todos sus aspectos, sin sujeción a norma o criterio alguno[24]. Sin embargo, esto no quiere decir que un foro apelativo pueda descartar las conclusiones y sustituir el criterio del ente

---

[20] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35-36 (2018); *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).
[21] *OEG v. Martínez Giraud*, *supra*, pág. 90; *Super Asphalt v. AFI y otro*, *supra*, pág. 819, citando a *Torres Rivera v. Policía de PR*, *supra*, pág. 628; *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).
[22] *González Segarra et al. v. CFSE*, *supra*, pág. 277; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216-217 (2012); *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 511 (2011).
[23] *González Segarra et al. v. CFSE*, *supra*; *Pereira Suárez v. Jta. Dir Cond.*, *supra*, pág. 513, citando a *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 398 (1999); *O.E.G. v. Rodríguez*, 159 DPR 98, 118 (2003).
[24] *Vázquez v. Consejo de Titulares y Junta de Directores del Condominio Los Corales*, *supra*.

administrativo por el suyo. En estos casos, también los tribunales apelativos les deben deferencia a los organismos administrativos[25].

**-B-**

La Constitución de Puerto Rico dicta como política pública del Estado reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva, y así propender al tratamiento adecuado de la población correccional a los fines de posibilitar su rehabilitación moral y social[26]. En virtud de este mandato, el Artículo 2 del Plan de Reorganización del Departamento de Corrección y Rehabilitación, Ley Núm. 2-2011, según enmendado[27], ("Plan de Reorganización") ordena "[...]la creación de un sistema integrado de seguridad y administración correccional en donde las funciones y los deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad [...]". En lo pertinente, el Artículo 7(aa) del Plan de Reorganización[28], le concede al Secretario del DCR las siguientes facultades:

> [A]doptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos, órdenes, manuales, normas y procedimientos para el funcionamiento efectivo del Departamento y de los organismos bajo su jurisdicción, a los fines de regir la seguridad, la disciplina interna y la conducta de funcionarios, empleados y de la clientela, así como los programas y servicios.

En cumplimiento de lo anterior, el 4 de mayo de 2015, el DCR adoptó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 (Reglamento Núm. 8583). En lo pertinente a la controversia que nos ocupa, la Regla XIII (5) (d) del Reglamento Núm. 8583, dispone que el evaluador tiene la facultad para desestimar una solicitud de remedio radicada más de una vez sobre el mismo asunto, por el mismo miembro de la población

---

[25] *González Segarra et al. v. CFSE, supra*, págs. 277-278; *Batista, Nobbe v. Jta. Directores, supra*, pág. 217, citando a *Rebollo v. Yiyi Motors, supra.*
[26] Const. PR, Art. VI, Sección 19, LPRA Tomo I.
[27] 3 LPRA, Ap. XVIII, Art. 2
[28] 3 LPRA, Ap. XVIII, Art. 7(aa).

correccional, salvo que la situación vuelva a repetirse o que no se le haya resuelto anteriormente.

**III.**

El recurso administrativo presentado adolece de exactitud y claridad, por lo cual, suponemos que el recurrente solicita como remedio que se le autorice a sus familiares a traer unos espejuelos[29] al visitar la institución correccional que le alberga.

Surge del expediente ante nuestra consideración, que el recurrente realizó el mismo reclamo en dos solicitudes de remedios administrativos consecutivas, a saber: GMA1000-827-25 y GMA1000-828-25.

Ante ello, el DCR evaluó los petitorios y desestimó la *Solicitud de Remedios Administrativos GMA1000-828-25* conforme a la Regla XIII(5)(d) del Reglamento 8583, *supra,* la cual faculta al evaluador a desestimar cuando se trata de una "[s]olicitud de remedio radicada más de una vez sobre el mismo asunto, por el mismo miembro de la población correccional, salvo que la situación vuelva a repetirse o que no se le haya resuelto anteriormente".

Referente a la *Solicitud de Remedios Administrativos GMA 1000-827-25* concluyó, en primer lugar, que todo lo relacionado a salud debe coordinarlo con el área de *Physician Correctional*; en segundo término, expresó que el área de visita no recibe artículos a menos que esté debidamente autorizado y, por último, expuso que el recurrente fue debidamente evaluado el 27 de febrero de 2025, se le entregaron los espejuelos y tiene programada la evaluación anual para el año 2026.

---

[29] Revisión Administrativa pág. 3.

A tenor con lo esbozado, concluimos que la agencia recurrida actuó dentro del ámbito de sus facultades reglamentarias, tampoco hubo arbitrariedad o irracionabilidad en su actuación. Por lo cual, el error imputado no fue cometido.

**IV.**

Por los fundamentos que anteceden, ***confirmamos*** la *Respuesta al Miembro de la Población Correccional* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones